UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TWIN SECURITIES, INC., *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> AMERICAN REALTY CAPITAL PROPERTIES, INC., *et al.*, <br><br> Defendants. | Civil Action No.: 1:15-cv-01291-AKH |
| HG VORA SPECIAL OPPORTUNITIES MASTER FUND, LTD., <br><br> Plaintiff, <br><br> v. <br><br> AMERICAN REALTY CAPITAL PROPERTIES, INC., *et al.*, <br><br> Defendants. | Civil Action No.: 1:15-cv-04107-AKH |

*(caption continued on following page)*

**DIRECT ACTION PLAINTIFFS' MEMORANDUM OF LAW
IN SUPPORT OF THEIR MOTION FOR
<u>PARTIAL SUMMARY JUDGMENT AGAINST DEFENDANT BRIAN S. BLOCK</u>**

| | |
|---|---|
| BLACKROCK ACS US EQUITY TRACKER FUND, *et al.*,<br><br>      Plaintiffs,<br><br>v.<br><br>AMERICAN REALTY CAPITAL PROPERTIES, INC., *et al.*,<br><br>      Defendants. | Civil Action No.: 1:15-cv-08464-AKH |
| PIMCO FUNDS: PIMCO DIVERSIFIED INCOME FUND, *et al.*,<br><br>      Plaintiffs,<br><br>v.<br><br>AMERICAN REALTY CAPITAL PROPERTIES, INC., *et al.*,<br><br>      Defendants. | Civil Action No.: 1:15-cv-08466-AKH |
| CLEARLINE CAPITAL PARTNERS LP, *et al.*,<br><br>      Plaintiffs,<br><br>v.<br><br>AMERICAN REALTY CAPITAL PROPERTIES, INC., *et al.*,<br><br>      Defendants. | Civil Action No.: 1:15-cv-08467-AKH |

*(caption continued on following page)*

| | |
|---|---|
| PENTWATER EQUITY OPPORTUNITIES MASTER FUND LTD., *et al.*, <br><br>                Plaintiffs, <br><br> v. <br><br> AMERICAN REALTY CAPITAL PROPERTIES, INC., *et al.*, <br><br>                Defendants. | Civil Action No.: 1:15-cv-08510-AKH |
| ETON PARK FUND, L.P. and ETON PARK MASTER FUND, LTD., <br><br>                Plaintiffs, <br><br> v. <br><br> AMERICAN REALTY CAPITAL PROPERTIES, INC., *et al.*, <br><br>                Defendants. | Civil Action No.: 1:16-cv-09393-AKH |
| RELIANCE STANDARD LIFE INSURANCE COMPANY, *et al.*, <br><br>                Plaintiffs, <br><br> v. <br><br> AMERICAN REALTY CAPITAL PROPERTIES, INC., *et al.*, <br><br>                Defendants. | Civil Action No.: 1:17-cv-02796-AKH |

*(caption continued on following page)*

| | |
|---|---|
| JET CAPITAL MASTER FUND, L.P., *et al.*,<br><br>     Plaintiffs,<br><br>v.<br><br>AMERICAN REALTY CAPITAL PROPERTIES, INC., *et al.*,<br><br>     Defendants. | Civil Action No.: 1:15-cv-00307-AKH |
| ARCHER CAPITAL MASTER FUND, L.P., *et al.*,<br><br>     Plaintiffs,<br><br>v.<br><br>AMERICAN REALTY CAPITAL PROPERTIES, INC., *et al.*,<br><br>     Defendants. | Civil Action No.: 1:16-cv-05471-AKH |
| ATLAS MASTER FUND, LTD., *et al.*,<br><br>     Plaintiffs,<br><br>v.<br><br>AMERICAN REALTY CAPITAL PROPERTIES, INC., *et al.*,<br><br>     Defendants. | Civil Action No.: 1:16-cv-05475-AKH |
| FIR TREE CAPITAL OPPORTUNITY MASTER FUND, L.P., *et al.*,<br><br>     Plaintiffs,<br><br>v.<br><br>AMERICAN REALTY CAPITAL PROPERTIES, INC., *et al.*,<br><br>     Defendants. | Civil Action No.: 1:17-cv-04975-AKH |

**TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ................................................................................................iii-iv

I. INTRODUCTION ..................................................................................................... 1

II. STATEMENT OF UNDISPUTED FACTS .............................................................. 2

    A. Block's Criminal Conviction ......................................................................... 2

        1. The Government's Indictment .............................................................. 2

        2. The Criminal Trial ................................................................................ 3

        3. The Sentencing ..................................................................................... 4

    B. Direct Action Plaintiffs' Civil Actions Against Block ................................... 5

III. ARGUMENT .............................................................................................................. 6

    A. The Issues Determined In Block's Criminal Proceeding Are
        Identical To Issues Presented In Plaintiffs' Civil Actions ............................. 7

    B. The Issues In Block's Criminal Proceeding Were Actually
        Litigated .......................................................................................................... 9

    C. Block Had A Full And Fair Opportunity To Litigate The Criminal
        Proceeding .................................................................................................... 10

    D. The Issues Litigated In Block's Criminal Trial Were Necessary To
        Support A Valid And Final Judgment On The Merits ................................. 11

IV. CONCLUSION ........................................................................................................ 11

DECLARATION

Declaration of Jonathan D. Uslaner in Support of Plaintiffs' Motion for Partial Summary Judgment Against Defendant Brian S. Block, dated March 28, 2018

EXHIBITS TO DECLARATION

Exhibit 1: Sealed Indictment against Brian Block filed on September 7, 2016, in the case, *United States of America v. Brian Block*, No. 16-cr-00595 (JPO) (unsealed September 8, 2016)

Exhibit 2: Excerpts of the trial testimony of Ryan Steel filed on July 20, 2017, in the case, *United States of America v. Brian Block*, No. 16-cr-00595 (JPO)

Exhibit 3: Excerpts of the trial testimony of Defendant Lisa McAlister filed on July 20, 2017, in the case, *United States of America v. Brian Block*, No. 16-cr-00595 (JPO)

Exhibit 4: Excerpts from the June 30th, 2017 trial transcript filed on July 20, 2017, in the case, *United States of America v. Brian Block*, No. 16-cr-00595 (JPO)

Exhibit 5: Verdict Form filed on July 7, 2017, in the case, *United States of America v. Brian Block*, No. 16-cr-00595 (JPO)

Exhibit 6: November 8, 2017 hearing transcript of Block's sentencing in the case, *United States of America v. Brian Block*, No. 16-cr-00595 (JPO)

Exhibit 7: Judgment in a Criminal Case filed on November 9, 2017, in the case, *United States of America v. Brian Block*, No. 16-cr-00595 (JPO)

Exhibit 8: Opinion and Order denying Block's motion for judgment of acquittal under Rule 29 filed on October 24, 2017, in the case, *United States of America v. Brian Block*, No. 16-cr-00595 (JPO)

Exhibit 9: Opinion and Order denying Block's motion for bail pending appeal filed on December 22, 2017, in the case, *United States of America v. Brian Block*, No. 16-cr-00595 (JPO)

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Adelphia Commc'ns Corp. Sec. & Derivative Litig.*,
    No. 03-md-1529, 2006 WL 2463355 (S.D.N.Y. Aug. 23, 2006) ................................... *passim*

*In re Gaming Lottery Sec. Litig.*,
    No. 96-cv-5567, 2001 WL 204219 (S.D.N.Y. Mar. 1, 2001) ................................................6, 7

*In re Ivan F. Boesky Sec. Litig.*,
    848 F. Supp. 1119 (S.D.N.Y. 1994) ...................................................................................9

*Maietta v. Artuz*,
    84 F.3d 100 (2d Cir. 1996) ................................................................................................6

*Marcus v. Sprayregen*,
    No. 73-cv-4131, 1979 WL 1241 (S.D.N.Y. Aug. 7, 1979) ...................................................8

*Mishkin v. Ageloff*,
    299 F. Supp. 2d 249 (S.D.N.Y. 2004) .................................................................8, 9, 10, 11

*In re Optimal U.S. Litig.*,
    837 F. Supp. 2d 244 (S.D.N.Y. 2011) ...........................................................................5, 8

*Qualis Care, L.P. v. Hall*,
    No. 95-cv-4955, 1999 WL 683564 (S.D.N.Y. Sept. 1, 1999) ............................................6, 7

*S.E.C. v. Haligiannis*,
    470 F. Supp. 2d 373 (S.D.N.Y. 2007) ...................................................................................8

*S.E.C. v. Namer*,
    No. 97-cv-2085, 2004 WL 2199471 (S.D.N.Y. Sept. 30, 2004) ......................................10, 11

*S.E.C. v. Shehyn*,
    No. 04-cv-2003, 2010 WL 3290977 (S.D.N.Y. Aug. 9, 2010) ...................................................7

*In re Towers Fin. Corp. Noteholders Litig.*,
    996 F. Supp. 266 (S.D.N.Y. 1998) ..................................................................................7, 8

*In re Towers Fin. Corp. Noteholders Litig.*,
    75 F. Supp. 2d 178 (S.D.N.Y. 1999) ...............................................................................7, 8

*United States v. Int'l Bhd. of Teamsters*,
    905 F.2d 610 (2d Cir. 1990) ..............................................................................................11

**Statutes, Rules & Regulations**

18 U.S.C. § 1350 ................................................................................................................2

Fed. R. Civ. P. 56 ..............................................................................................................6

Fed. R. Crim. P. 29 ............................................................................................................3

I.      **INTRODUCTION**

The Direct Action Plaintiffs bring this Motion for Partial Summary Judgment against Defendant Brian Block, former Chief Financial Officer of American Realty Capital Properties ("ARCP"), based on his recent criminal conviction for securities fraud. Following a three-week trial, Block was convicted by a jury of securities fraud under Section 10(b) and Rule 10b-5 and sentenced to eighteen months in prison. The criminal trial concerned some of the same material misstatements that are at issue in the Direct Actions, including the fraudulent adjusted funds from operations ("AFFO") and AFFO per share figures and certifications in ARCP's 2014 Second Quarter 10-Q and 8-K SEC filings.

The Direct Action Plaintiffs seek partial summary judgment against Block solely on those misstatements and elements of their claims that were actually litigated and decided against Block during his criminal trial. Specifically, Plaintiffs seek partial summary judgment against Block on their Exchange Act and New York common law fraud claims for the elements of (i) falsity; (ii) in connection with the sale of a security; (iii) materiality; and (iv) scienter. Block's conviction estops him from contesting these elements for ARCP's 2014 Second Quarter 10-Q and 8-K SEC filings.

The Direct Action Plaintiffs' Motion is consistent with the law in this District and elsewhere and is ripe for the Court's review. Courts regularly apply collateral estoppel in civil securities law actions following convictions in overlapping criminal securities fraud trials. *See, e.g.*, *In re Adelphia Commc'ns Corp. Sec. & Derivative Litig.*, 2006 WL 2463355, at *4 (S.D.N.Y. Aug. 23, 2006) ("In a civil case, it is appropriate to estop a party from relitigating issues actually and necessarily decided as part of a prior criminal judgment and conviction . . . ."). As discussed further below, Block is collaterally estopped from re-litigating those issues decided at his criminal trial and, accordingly, Plaintiffs are entitled to partial summary judgment.

## II. STATEMENT OF UNDISPUTED FACTS

### A. Block's Criminal Conviction

#### 1. The Government's Indictment

Defendant Block is the former Chief Financial Officer of ARCP. On September 7, 2016, the United States Attorney for the Southern District of New York filed an Indictment against Block in this District. SUF 1.[1] The Indictment asserted six counts against Block: (1) securities fraud; (2) false statements in filings with the SEC regarding ARCP's 2014 Second Quarter 10-Q; (3) false statements in filings with the SEC regarding ARCP's 2014 Second Quarter 8-K; (4) false certification of disclosure filed with the SEC; (5) false certifications filed with the SEC (18 U.S.C. § 1350); and (6) conspiracy to commit securities fraud, to make false filings with the SEC, and to falsify books and records. *Id.*

Under the securities fraud count, the Government alleged that Block violated Exchange Act Section 10(b) and SEC Rule 10b-5 by "mislead[ing] the shareholders of ARCP and the investing public" by "fraudulently inflating the reported figures for AFFO and AFFO per share" in ARCP's 2014 Second Quarter 10-Q and 8-K. SUF 1. The Indictment stated that Block, on July 28, 2014, inserted into the "AFFO and AFFO per share [calculations] for the first and second quarters of 2014 and for YTD 2014, without any justification, figures that fraudulently inflated the AFFO and AFFO per share calculations that were to be included in the Second Quarter 10-Q and the related press release, both of which were to be publicly filed with the SEC the following day." *Id.* Those AFFO calculations "had no basis in fact, were without documentary support, and did not tie to ARCP's general ledger accounting system, as [Block] knew and understood at the time."

---

[1] "SUF __" refers to the Statement of Undisputed Facts set forth in the Rule 56.1 Statement in Support of Plaintiffs' Motion for Partial Summary Judgment Against Defendant Brian S. Block. All Exhibits referenced herein are attached to the accompanying Declaration of Jonathan D. Uslaner. Unless otherwise indicated, all internal citations and quotation marks have been omitted.

*Id.* As a result of Block's misconduct, ARCP's 2014 Second Quarter 10-Q and 8-K included the fraudulent AFFO and AFFO per share figures, which overstated ARCP's "AFFO by approximately $13 million and . . . AFFO per share by approximately $0.03, or approximately 5% of total AFFO per share." *Id.*

### 2. The Criminal Trial

Block's criminal trial lasted three weeks. SUF 3. At trial, Block was represented by four attorneys from the international law firm of Steptoe & Johnson, LLP. SUF 4. Twelve fact witnesses testified during the trial, including Defendant Block, Defendant Lisa McAlister (ARCP's former Chief Accounting Officer), and Ryan Steel (ARCP's former Director of Financial Reporting). SUF 5.

The jury heard testimony that Block met with McAlister and Steel in Block's office on the evening before the 2014 Second Quarter financials were filed with the SEC. Witnesses testified that, during that meeting, Block knowingly inserted fabricated numbers into ARCP's financial spreadsheets to fraudulently inflate the reported AFFO and AFFO per share calculations. SUF 5; *see also, e.g.*, Ex. 2 at 357 (Steel: "I say to Mr. Block and Ms. McAlister, We can't use that. We don't have any support for that. There's nothing that supports those numbers."); Ex. 3 at 1037 (McAlister: "It was a – what I would call sort of result driven in that it was the exact number that you needed to put in so that the AFFO and AFFO per share calculated to what it needed to be.").

On June 30, 2017, the jury delivered a unanimous verdict, finding Block guilty of all six counts, including securities fraud. SUF 2.

On July 14, 2017, Block filed a motion for a judgment of acquittal under Fed. R. Crim. P. 29. SUF 6. On October 24, 2017, Judge Oetken denied Block's motion. *Id.* Judge Oetken found that "Block d[id] not present any particular ground for acquittal," and that "each of the six counts

of conviction was sufficiently supported by the evidence to justify the jury's verdict." *Id.* Judge Oetken further found that:

> The evidence at trial established that the [2014 Second Quarter] 10-Q contained a materially false statement: an AFFO . . . calculation that was inflated by approximately $13 million. The evidence established that the [2014 Second Quarter] 8-K also contained materially false statements: the inflated AFFO number; a manipulated weighted average share count for the six months ending June 30, 2014; and an inflated AFFO-per-share calculation.

*Id.* Judge Oetken explained that the "testimony and documentary evidence at trial amply supported the jury's finding that Block knowingly and willfully inserted 'plug' numbers in these filings without any basis in ARCP's books and records." *Id.* The court concluded that "the jury rationally found, based on the evidence, that Block participated in a scheme to fraudulently inflate AFFO and AFFO-per-share numbers in ARCP's SEC filings, that these numbers were important to ARCP investors, that the misstatements were material, and that Block acted knowingly, willfully, and with intent to defraud." *Id.*

### 3.     The Sentencing

On November 8, 2017, Judge Oetken sentenced Block to eighteen months in federal prison and fined Block $100,000. SUF 7. In issuing Block's sentence, Judge Oetken stated that "Mr. Block participated in a scheme to manipulate the financial results of the company by inflating a key non-GAAP metric . . . by what amounted to approximately $13 million in the first six months of 2014. The jury found, and I agree, that he did so brazenly by simply making up numbers to plug a gap." *Id.*

Judge Oetken entered judgment against Block on November 9, 2017, and denied Block's motion for bail pending appeal on December 22, 2017. SUF 8-9. In denying Block's motion for bail, Judge Oetken again found that "there was sufficient evidence to support the jury's convictions on each count," there "was certainly sufficient" evidence "to support a finding that the 'plug

-4-

number' and share-count number inserted by Block into the financial statements were false," and that "Block ha[d] not presented any substantial questions of law or fact that are likely to result in reversal or a new trial." SUF 9.

### B. Direct Action Plaintiffs' Civil Actions Against Block

As in the criminal action, the Direct Action Plaintiffs each assert claims in this Action against Block for violations of Section 10(b) and Rule 10b-5 of the Exchange Act. The Direct Action Plaintiffs base their Exchange Act claims, in significant part, on the same misstatements and omissions at the center of Block's criminal trial – namely, the misrepresented AFFO figures and false certifications in the 2014 Second Quarter 10-Q and 8-K. The elements for civil and criminal liability under Section 10(b) of the Exchange Act substantially overlap, including the identical elements of "falsity," "in connection with," "materiality," and "scienter." *Adelphia*, 2006 WL 2463355, at *6, *9.

Direct Action Plaintiffs also assert claims in this Action against Block for New York common law fraud.[2] These Direct Action Plaintiffs base their New York common law fraud claims on many of the same misstatements and omissions at the center of Block's criminal trial – namely, the misrepresented AFFO figures and false certifications in the 2014 Second Quarter 10-Q and 8-K. New York common law fraud claims substantially overlap with criminal claims for violation of Section 10(b) of the Exchange Act, including the identical elements of "falsity," "materiality," and "scienter." *In re Optimal U.S. Litig.*, 837 F. Supp. 2d 244, 252 (S.D.N.Y. 2011) ("[T]he elements of common-law fraud in New York are substantially identical to those governing § 10(b), the identical analysis applies.").

---

[2] These include the Direct Action Plaintiffs in the *Twin Capital*, *HG Vora*, *Clearline*, *Pentwater*, *Eton Park*, *Jet Capital*, *Archer Capital*, *Atlas*, and *Fir Tree* Actions.

### III.   ARGUMENT

"Application of collateral estoppel from a criminal proceeding to a subsequent civil proceeding is not in doubt." *In re Gaming Lottery Sec. Litig.*, 2001 WL 204219, at *13 (S.D.N.Y. Mar. 1, 2001) (quoting *Maietta v. Artuz*, 84 F.3d 100, 102 n.1 (2d Cir. 1996)). "Because mutuality of estoppel is no longer an absolute requirement under federal law, a party other than the Government may assert collateral estoppel based on a criminal conviction." *Adelphia*, 2006 WL 2463355, at *3. Indeed, "[f]ederal courts routinely apply collateral estoppel based on jury verdicts," as collateral estoppel is both necessary and appropriate in a civil action to prevent a defendant from "relitigating issues actually and necessarily decided" in a prior criminal action. *Id*. at *4, *4 n.4.

As courts in this District have recognized, there is no reason to delay granting summary judgment based on a criminal conviction. Fed. R. Civ. P. 56 recognizes that summary judgment may be granted at "any time" prior to the close of discovery, and "judicial economy is promoted any time a defendant or issue is removed from a case." *Adelphia*, 2006 WL 2463355, at *4 n.4, *4, *7-8 (granting partial summary judgment prior to close of discovery, noting that, "[i]n a civil case, it is appropriate to estop a party from relitigating issues actually and necessarily decided as part of a prior criminal judgment and conviction").

Based on these well-settled principles, courts in this District and elsewhere consistently grant full or partial summary judgment to securities fraud plaintiffs based on a defendant's prior criminal conviction. *See, e.g.*, *Adelphia*, 2006 WL 2463355, at *8 (granting partial summary judgment based on criminal conviction for Section 10(b) violation); *Gaming Lottery*, 2001 WL 204219, at *24 (granting summary judgment on civil Section 10(b) claims based on guilty plea to violation of New York law); *Qualis Care, L.P. v. Hall*, 1999 WL 683564, at *3-4 (S.D.N.Y. Sept. 1, 1999) (granting summary judgment on civil Section 10(b) and common law fraud claims based

on guilty plea to bankruptcy and wire fraud violations); *In re Towers Fin. Corp. Noteholders Litig.* ("*Towers II*"), 75 F. Supp. 2d 178, 179 (S.D.N.Y. 1999) (adopting Report and Recommendation, granting summary judgment on civil Section 10(b) claims based on criminal conviction of Section 10(b) violations); *In re Towers Fin. Corp. Noteholders Litig.* ("*Towers I*"), 996 F. Supp. 266, 267 (S.D.N.Y. 1998) (adopting Report and Recommendation, granting summary judgment on civil Section 10(b) claims based on guilty plea to conspiracy to violate Section 10(b)).

A criminal conviction provides grounds for partial summary judgment in a civil action when four conditions apply: "(1) the issues in both proceedings are identical, (2) the issue in the prior proceeding was actually litigated and actually decided, (3) there was full and fair opportunity to litigate in the prior proceeding, and (4) the issue previously litigated was necessary to support a valid and final judgment on the merits." *Adelphia*, 2006 WL 2463355, at *3. As discussed below, each of these conditions is met here.

### A. The Issues Determined In Block's Criminal Proceeding Are Identical To Issues Presented In Plaintiffs' Civil Actions

In assessing whether a criminal conviction provides for collateral estoppel, the court first considers whether the "issues in both proceedings are identical." *Adelphia*, 2006 WL 2463355, at *3. Issues are "identical" when "the factual allegations underlying the [criminal] convictions are sufficient to establish that [the defendant] also violated the securities laws provisions at issue" in the civil proceeding. *S.E.C. v. Shehyn*, 2010 WL 3290977, at *3 (S.D.N.Y. Aug. 9, 2010); *see also Towers I*, 996 F. Supp. at 267 (granting summary judgment on civil Section 10(b) and Rule 10b-5 claims based on guilty pleas to conspiracy to commit securities fraud). Violations of identical statutory provisions need not be alleged in each proceeding for issues to be "identical." *See Towers I*, 996 F. Supp. at 267; *Shehyn*, 2010 WL 3290977, at *3; *Gaming Lottery*, 2001 WL 204219, at *24; *Qualis Care*, 1999 WL 683564, at *3-4.

In granting summary judgment, courts in this District have consistently recognized that a civil claim for violation of Section 10(b) of the Exchange Act presents the identical falsity, in-connection-with, materiality, and scienter issues that are determined in a criminal conviction for violation of Section 10(b) of the Exchange Act. *See S.E.C. v. Haligiannis*, 470 F. Supp. 2d 373, 382 (S.D.N.Y. 2007) ("Courts have applied collateral estoppel in the securities fraud context because the elements necessary to establish civil liability under Section . . . 10(b) are identical to those necessary to establish criminal liability under Section 10(b)."); *Adelphia*, 2006 WL 2463355, at *6 ("The only elements for civil liability not proven in the . . . criminal trial are Plaintiffs' reliance and causation."); *Towers II*, 75 F. Supp. 2d at 181 ("Plaintiffs' civil complaint here alleges the same conduct as charged in the criminal case."); *Towers I*, 996 F. Supp. at 276 (defendants' guilty plea to conspiracy to violate Section 10(b) "present[s] undisputed (and unrefuted) evidence" of civil Section 10(b) violations); *Marcus v. Sprayregen*, 1979 WL 1241, at *2 (S.D.N.Y. Aug. 7, 1979) (criminal conviction leaves "no doubt that such components as the defendant's knowledge that the representations were false have been conclusively established as part of the criminal case").

A civil claim for violation of New York common law fraud also presents the identical falsity, materiality, and scienter issues that are determined in a criminal Section 10(b) and Rule 10b-5 conviction. *See Optimal*, 837 F. Supp. 2d at 252 ("[T]he elements of common-law fraud in New York are substantially identical to those governing § 10(b), the identical analysis applies."). For this reason, courts in this District also find that, for purposes of collateral estoppel, a criminal conviction under Section 10(b) and Rule 10b-5 "establishe[s] the requirements for liability" for a civil claim for violation of New York common law fraud. *See, e.g.*, *Mishkin v. Ageloff*, 299 F. Supp. 2d 249, 254 (S.D.N.Y. 2004).

Block was criminally charged – and convicted by a jury – of violating Section 10(b) and Rule 10b-5, and of filing false certifications with the SEC. Block's criminal convictions were based on his having intentionally included in the 2014 Second Quarter 10-Q and 8-K materially false and misleading information regarding the AFFO and AFFO per share figures, and materially false certifications of disclosure. Meanwhile, the Direct Action Plaintiffs allege in this Action the same materially false AFFO and AFFO per share figures and certifications in the 2014 Second Quarter 10-Q and 8-K. Therefore, Plaintiffs' Section 10(b) and New York common law fraud claims present the identical falsity, in-connection-with, materiality, and scienter issues that were determined against Block by the jury in his criminal trial.

### B. The Issues In Block's Criminal Proceeding Were Actually Litigated

The second collateral estoppel inquiry is whether "the issue in the prior proceeding was actually litigated and actually decided." *Adelphia*, 2006 WL 2463355, at *3. An issue is "actually litigated" and "actually decided" when it is determined through a criminal conviction. *Mishkin*, 299 F. Supp. 2d at 253 (a criminal conviction "incorporate[s] the actual litigation and conclusive decision of those underlying issues"). As courts in this District have explained, where a defendant has been found guilty of a criminal Section 10(b) violation at trial, "there can be no question that [the proceeding] actually litigated and actually decided the facts necessary to reach a verdict on the Section 10(b) claims . . . ." *Adelphia*, 2006 WL 2463355, at *4; *see also In re Ivan F. Boesky Sec. Litig.*, 848 F. Supp. 1119, 1124 (S.D.N.Y. 1994) (identical issues regarding civil Section 10(b) claims were "actually litigated" in related SEC enforcement action).

Here, core elements of the Direct Action Plaintiffs' claims – namely, "falsity," "in-connection-with," "materiality," and "scienter" – were actually litigated and actually decided by a jury after Block's three-week federal criminal trial. Block contested each element during the trial,

the jury was presented with the evidence on each element, and the jury convicted Block on each count having found that the evidence demonstrated Block's guilt beyond a reasonable doubt. Thus, the elements that are the subject of this motion for partial summary judgment were each "actually litigated" and "actually decided" in Block's criminal trial.

### C. Block Had A Full And Fair Opportunity To Litigate The Criminal Proceeding

The third collateral estoppel inquiry is whether "there was full and fair opportunity to litigate in the prior proceeding." *Adelphia*, 2006 WL 2463355, at *3. A criminal defendant is presumed to have been afforded a full and fair opportunity to litigate the issues in his criminal proceeding "in accord with the procedural and constitutional safeguards accorded to criminal defendants in [the] United States District Courts." *Id.* at *4 (quoting *S.E.C. v. Namer*, 2004 WL 2199471, at *5 (S.D.N.Y. Sept. 30, 2004)). Where a defendant has been convicted of criminal charges at the conclusion of a jury trial, there can be "no question as to whether [he] had anything other than 'a full and fair opportunity' to litigate the issues in the criminal case." *Id.*; *see also Mishkin*, 299 F. Supp. 2d at 253 (holding that "[t]here was a full and fair opportunity for [d]efendants to litigate the issues in the criminal proceedings").

Here, Block had a full and fair opportunity to litigate the identical "falsity," "in-connection-with," "materiality," and "scienter" issues that are the subject of this Motion. Block was represented by a team of experienced lawyers. They presented extensive evidence during the course of the three-week trial, including the testimony of Block himself. In addition, Block moved for a judgment of acquittal, which Judge Oetken denied based on his findings that the evidence presented at trial "amply supported the jury's finding that Block knowingly and willfully" violated the securities laws. Ex. 8 at 2.

     **D.**    **The Issues Litigated In Block's
Criminal Trial Were Necessary To Support
A Valid And Final Judgment On The Merits**

The fourth collateral estoppel inquiry is whether "the issue previously litigated was necessary to support a valid and final judgment on the merits." *Adelphia*, 2006 WL 2463355, at *3. An issue is "necessary" to support a judgment where it supports an element of a claim determined against the defendant. *Mishkin*, 299 F. Supp. 2d at 253-54 (a defendant's criminal conviction under Section 10(b) "encompass[es] the elements necessary to support a judgment on the merits" for purposes of collateral estoppel regarding civil common law fraud claims). A criminal conviction becomes "final" when the court enters judgment, which retains preclusive effect notwithstanding any appeal. *Namer*, 2004 WL 2199471, at *8 (quoting *United States v. Int'l Bhd. of Teamsters*, 905 F.2d 610, 621 (2d Cir. 1990)).

Here, the "falsity," "in-connection-with," "materiality," and "scienter" issues were elements of the Government's Section 10(b) and Rule 10b-5 count against Block and were thus "necessary" to support Block's conviction. The conviction is "final," as Judge Oetken has entered judgment against Block on all counts and sentenced him to prison. Therefore, the final collateral estoppel requirement is established.

**IV.**    **CONCLUSION**

For these reasons, Plaintiffs are entitled to partial summary judgment against Block on their Exchange Act and New York common law fraud claims for the elements of (i) falsity; (ii) in connection with the sale of a security; (iii) materiality; and (iv) scienter based on the false AFFO figures, certifications of disclosure, and Sarbanes-Oxley certification in ARCP's 2014 Second Quarter 10-Q, and the false AFFO figures in the 2014 Second Quarter 8-K.

DATED: March 28, 2018

Respectfully submitted,

| | |
|---|---|
| BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP | LOWENSTEIN SANDLER LLP |
| By: /s/ Salvatore Graziano<br>Salvatore J. Graziano<br>Mark Lebovitch<br>Jonathan D. Uslaner<br>David Kaplan (*pro hac vice*)<br>Jacob T. Spaid (*pro hac vice*)<br>1251 Avenue of the Americas<br>New York, New York 10020<br>Tel: (212) 554-1400<br>Fax: (212) 554-1444<br>sgraziano@blbglaw.com<br>MarkL@blbglaw.com<br>JonathanU@blbglaw.com<br>DavidK@blbglaw.com<br>Jacob.Spaid@blbglaw.com | By: /s/<br>Lawrence M. Rolnick<br>Marc B. Kramer<br>Thomas E. Redburn, Jr. (*pro hac vice*)<br>Sheila A. Sadighi (*pro hac vice*)<br>Michael J. Hampson<br>Brandon M. Fierro<br>1251 Avenue of the Americas<br>New York, New York 10020<br>Tel: (212) 262-6700<br>Fax: (212) 262-7402<br>lrolnick@lowenstein.com<br>mkramer@lowenstein.com<br>tredburn@lowenstein.com<br>ssadighi@lowenstein.com<br>mhampson@lowenstein.com<br>bfierro@lowenstein.com |
| *Attorneys for Plaintiffs in the Twin Capital, HG Vora, BlackRock, PIMCO, Clearline, Pentwater, Eton Park, and Reliance Standard Actions* | *Attorneys for Plaintiffs in the Jet Capital, Archer Capital, Atlas and Fir Tree Actions* |